Joseph L. RICE, III, Plaintiff,

v.

McDONNELL & CO., INC., et al., Defendants.

No. 74 Civ. 3541.

United States District Court, S. D. New York.

Dec. 30, 1974.

Goldfeld, Charak, Tolins & Lowenfels, New York City, for defendant Ronald H. Hoenig; Seymour Goldfeld, New York City, of counsel.

Nickerson, Kramer, Lowenstein, Nessen, Kamin & Soll, New York City, for plaintiff; Eugene H. Nickerson, Gregory G. Jones, New York City, of counsel.

Lunney & Crocco, New York City, for defendant T. Murray, McDonnell; Michael J. McAllister, New York City, of counsel.

## MEMORANDUM DECISION

WERKER, District Judge.

This is a motion by the defendant Ronald H. Hoenig for an order pursuant to 9 U.S.C. §§ 2, 3, and Rule 12(b) of the Federal Rules of Civil Procedure staying all proceedings herein pending arbitration of the claims set forth in the complaint.

Succinctly put, the complaint alleges that plaintiff was induced by fraud to purchase shares of the corporate defendant, McDonnell & Co., Inc., in violation of section 10(b) of the Securities and Exchange Act of 1934 (15 U.S.C. § 78j(b) as amended), Rule 10b–5 of the Securities and Exchange Commission (17 C.F.R. § 240.10b–5), and section 17(a) of the Securities Act of 1933 (15 U.S.C. § 77q as amended). A package deal was allegedly offered to the plaintiff whereby upon purchasing voting and non-voting shares of the corporate defendant, he would be elected a member of the firm and an officer. Plaintiff allegedly relied upon the oral representations of other employees and officers of the corporate defendant and upon a letter and brochure which allegedly omitted to state facts as to the profitability of the corporation, the efficiency of its operation and the book value of the shares of stock.

As a holder of voting shares plaintiff was obliged to apply for allied member status in the New York Stock Exchange and did become an allied member. As such he was obliged to adhere to and be governed by the Constitution, by-laws and the rules and regulations of the Exchange.

Defendant's motion for a stay pending arbitration is grounded upon section 1 of Article VIII of the Constitution of The New York Stock Exchange, Inc., which provides:

Any controversy between parties who are members, allied members, member firms or member corporations shall, at the instance of any such party, and any controversy between a non-member and a member or allied member or member firm or member corporation, arising out of the business of such member, allied member, member firm or member corporation, shall at the instance of such non-member, be submitted for arbitration in accordance with the provisions of the Constitution and the rules of the Board of Directors.

Defendant claims that plaintiff is bound by this provision and for that reason this action must be stayed. Defendant relies upon Coenen v. R. W. Pressprich & Company, Inc., 453 F.2d 1209 (2d Cir. 1972) and Prima Paint Corporation v. Flood & Conklin Mfg. Co., 388 U.S. 395, 87 S.Ct. 1801, 18 L. Ed.2d 1270 (1967).

Plaintiff relies upon Laupheimer v. McDonnell & Co., Inc., 500 F.2d 21 (2d Cir. 1974) which involves a similar case. In Laupheimer, the Second Circuit held that a plaintiff who claimed he was fraudulently enticed to join the employ of and become an officer and stockholder in a brokerage firm, thereby becoming a member of the New York Stock Exchange, was not required to arbitrate his claim. The Court of Appeals indicated that in their opinion, the issue involved here was not answered by *Coenen, supra*, where plaintiff was required to arbitrate a claim *which had existed*

*before he became an exchange member. Id.* at 25. No mention is made in *Laupheimer* of the *Prima Paint* decision. An examination of the original file in *Laupheimer*, however, reveals that the *Prima Paint* case was mentioned in the affidavit of J. Robert Lunney, attorney for T. Murray McDonnell, sworn to July 9, 1973, which moved for the stay, as well as at page 13 of the Memorandum of Law in support of the motion filed by Lord Day & Lord, attorneys for the American Stock Exchange. Plaintiff in opposition in that case distinguished *Prima Paint, citing to Danford* v. *Schwabacher,* 342 F.Supp. 65, 68–69 (N.D.Cal.1972), a case on which the *Laupheimer* Court of Appeals also chose to rely.

It is apparent from the above that the Court of Appeals did not feel that the *Prima Paint* case was controlling in *Laupheimer.*

The only factual difference between *Laupheimer* and this case, with the exception of dates of acquisition of the shares and dates of employment, is the fact that here the plaintiff, before becoming an employee and allied member of defendant corporation, had been a non-member of the Stock Exchange because of his employment by Laird & Company Corporation and his ownership of non-voting stock of that corporation, a position which required a pledge to abide by the Constitution and Rules of the Exchange Board of Governors.[1] Since plaintiff at that time conducted no brokerage business and was employed solely as in house counsel, however, this court is of the opinion that his status and pledge in no way affected his position as a customer when he purchased the 1000 shares of McDonnell & Co., Inc.

As a result this court is bound by the decision of the Court of Appeals in *Laupheimer,* and the motion for a stay is consequently denied.

So ordered.

1. The affidavit of John D. Laupheimer submitted in opposition to the motion for a stay, dated June 20, 1973, stated: "I was not and never had been a member or allied member of the New York Stock Exchange or any other securities exchange." 73 Civ. 132 (RLC)